UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOURYDETH L.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C20-5284-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found insomnia, post-traumatic stress disorder (PTSD), and major depressive disorder with anxious distress are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with additional non-exertional limitations; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 21-35.

Plaintiff contends the ALJ misevaluated four medical opinions and failed to give valid reasons to discount Plaintiff's testimony. Dkt. 33. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A. Medical Opinions**

Plaintiff argues the ALJ misevaluated four medical opinions regarding his mental impairments. Plaintiff applied for benefits on March 13, 2017. Thus, the ALJ was required to give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

### 1. *Kimberly Wheeler, Ph.D.*

Dr. Wheeler first examined Plaintiff in April 2017, and opined Plaintiff "has marked limitations with performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, communicating and performing effectively in a work setting, and completing a normal workday/workweek without interruptions from psychologically based symptoms," and "moderate limitations with understanding, remembering, and persisting in tasks following detailed instructions, as well as making simple work-related decisions and setting realistic goals." Tr. 31. Dr. Wheeler reviewed DSHS case notes from March 2017, interviewed Plaintiff, and administered a mental status examination. Tr. 473 – 477. Dr. Wheeler examined Plaintiff again in March 2018, "essentially

affirm[ing] her previous assessment," Tr. 31, and noting Plaintiff was "[s]unk in the same spot as last year." Tr. 493.

The ALJ discounted Dr. Wheeler's opinion as inconsistent with Plaintiff's activities. Tr. 31. The ALJ found Plaintiff "failed to mention to the doctor he had been helping at the family convenience store" as well as his "online poker and dating activities." *Id*. Substantial evidence does not support discounting Dr. Wheeler's opinion on this ground. Plaintiff testified he visits his mother at her convenience store "because she's getting very ill" and "nobody's helping her." Tr. 137. Plaintiff testified he helps "organize her shelf" and "ring up the customer," although he needs to "push [himself] to help her." *Id.* at 136 – 37. Plaintiff's minimal activities at his mother's store, as well as his Internet activity, do not contradict Dr. Wheeler's assessment that Plaintiff has marked and moderate limitations stemming from his mental impairments. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

The ALJ also discounted Dr. Wheeler's opinion because "the medical evidence shows that the claimant experienced symptoms primarily due to situational stressors and that his symptoms responded very well to mental health treatment." Tr. 31. However, the Ninth Circuit has held "[c]ycles of improvement and debilitating symptoms are a common occurrence" in the mental health context. *Garrison*, 759 F.3d at 1017; *see id.* ("Reports of 'improvement' in the

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 3

context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms."). As Plaintiff correctly argues, the record indicates Plaintiff's symptoms were not static. *Compare* Tr. 408 (May 2, 2017 treatment note indicating "[t]here is improvement of initial symptoms.") *and* Tr. 444 (July 10, 2017 treatment note indicating "some improvement in mood and sleep patterns" and "he is eating 2 healthy meals a day.") *with* Tr. 493 (March 22, 2018 examination indicating "tight spiral between anxiety and insomnia" and "Appetite diminished. 'I'm losing a lot of weight. I eat only once a day, and get full really fast.") *and* Tr. 599 (August 1, 2017 treatment note indicating "Client expressed symptomology consistent with a Depressive Disorder including: tearfulness, low mood, low energy, lack of motivation, decrease in daily functioning (not bathing regularly, eating one meal per day), passive suicidal ideation, excessive guilt, and difficulties sleeping."). The ALJ accordingly erred in discounting Dr. Wheeler's opinion on this ground.

### 2.    Tasmyn Bowes, Psy.D.

The ALJ found Dr. Bowes reviewed and "affirmed" Dr. Wheeler's opinion, and gave "Dr. Bowes' little weight for the reasons discussed for Dr. Wheeler's assessments." Tr. 32. Because the ALJ erred in discounting Dr. Wheeler's opinion, the ALJ also erred in discounting Dr. Bowes' opinion as consistent with Dr. Wheeler's.

### 3.    Jeremy Senske, Psy.D.

Dr. Senske examined Plaintiff in July 2017 and opined Plaintiff's "ability to reason, understand, use memory to solve problems, sustain concentration and persistence, interact socially, and adapt is impaired due to his mental health and insomnia conditions" and Plaintiff is "unable to perform most activities of daily living." Tr. 31. The ALJ discounted Dr. Senske's

opinion for the same reasons she discounted Dr. Wheeler's, as discussed above. The ALJ thus erred in relying on these grounds.

The ALJ also found Dr. Senske's opinion is "vague and fails to provide actual functional limitations." Tr. 31. Substantial evidence does not support this finding. Dr. Senske unambiguously opined Plaintiff "has limited social functioning due to decreased energy, fatigue, and loss of interest" and "poor concentration," "has had sub-optimal response to medication and minimal response to psychotherapy," and "is severely decompensated due to depression, fatigue, major barriers, as well as insomnia, struggles to complete any activities, especially work type activities because he tends to miss many days of work or not able to perform his job duties." Tr. 421 – 22. The ALJ accordingly erred in discounting Dr. Senske's opinion on this ground.

### 4.      *ARNP Florence Fadele*

The ALJ noted ARNP Fadele "had a treating relationship with the claimant," and found ARNP Fadele opined Plaintiff's impairments "preclude performance/productivity in understanding and memory 20% of an eight-hour workday, in sustained concentration and persistence 20% of an eight-hour workday, in social interaction 10-30% of an eight-hour workday, and adaptation 20-30% of an eight-hour workday." Tr. 32. The ALJ also found ARNP Fadele opined Plaintiff would "be off task more than 30% of the time and be absent from work five or more days per month." *Id*. The ALJ discounted ARNP Fadele's opinion for the same reasons she discounted Dr. Wheeler's, as discussed above. The ALJ necessarily erred in relying on these grounds.

The ALJ also discounted ARNP Fadele's opinion because "the medical evidence also shows that [Plaintiff's] insomnia improved with medication compliance." Tr. 33. This finding inaccurately depicts the nature of Plaintiff's mental health symptoms, *see Garrison*, 759 F.3d at

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 5

1017, and Plaintiff's short-lived improvement with medication, as discussed above. The ALJ

accordingly erred in discounting ARNP Fadele's opinion.

**B. Plaintiff's Testimony**

The ALJ found Plaintiff presented objective medical evidence establishing underlying

impairments that could cause the symptoms alleged and made no finding he was  malingering.

The ALJ was thus required to provide "specific, clear, and convincing" reasons supported by

substantial evidence to discount Plaintiff's testimony. *Trevizo*, 871 F.3d at 678.

Plaintiff testified about his mental impairments. The ALJ indicated Plaintiff testified "he

is unable to sustain competitive employment primarily due to debilitating insomnia," he

"averages only three to four hours of sleep per night," he "sometimes stays up three to four

nights in a row," and "his condition causes him to experience extreme fatigue, drowsiness,

moodiness, and diminished memory and concentration." Tr. 24. The ALJ also indicated Plaintiff

testified "his medication and counseling regimen has not been helpful" and he "experiences

anxiety and depression, which includes symptoms such as nightmares, moodiness, racing

thoughts, and constant worrying." *Id.*

The ALJ discounted Plaintiff's testimony as based on inconsistencies in the record. First,

the ALJ found Plaintiff's testimony inconsistent with the medical evidence. Tr. 24. However,

because the medical evidence must be reassessed, as described above, so too must Plaintiff's

testimony. The ALJ also discounted Plaintiff's testimony as inconsistent with his activities and

statements. *Id.* at 29. Substantial evidence does not support this finding. The activities and the

statements upon which the ALJ relies either are not supported by the record or do not contradict

the severity of Plaintiff's symptoms. For example, the ALJ found Plaintiff "occasionally helps

run the family store." *Id.* The record indicates, however, Plaintiff does not "run" the store but

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 6

instead assists his mother on occasion, stocking the shelves or ringing up a customer at the cash register, as discussed above. The ALJ also erred in finding Plaintiff's statement about "spend[ing] his average day sitting on the couch" is inconsistent with his Internet activity. *Id.* These activities are neither mutually exclusive nor inconsistent. *See, e.g.*, *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) ("Most people who watch television do so sitting in a chair."). Finally, the ALJ discounted Plaintiff's testimony on the ground he was "noncompliant with treatment recommendations." This is not a valid basis to reject Plaintiff's testimony. *See Garrison*, 759 F.3d at 1018 n.24 ("[W]e do not punish the mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions."); *Nguyen*, 100 F.3d at 1465 ("'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'") (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir. 1989)). The ALJ accordingly erred in discounting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Plaintiff has assigned error regarding the evidence that was submitted to the Appeals Council.  However, because the Court concludes the ALJ erred in finding Plaintiff is not disabled and remand for further proceedings is necessary, the Court need not address Plaintiff's contentions concerning evidence submitted to the Appeals Council. On remand, the ALJ shall reevaluate the medical opinions of Drs. Wheeler, Bowes, and Senske and ARNP Fadele; reevaluate Plaintiff's testimony;  develop the record and redetermine the RFC as needed; assess the evidence presented to the Appeals council; and proceed to the remaining steps as appropriate.

DATED this 1st day of April, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge